**THE LAW OFFICE OF**
**ELISA HYMAN, P.C.**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/25/2021

October 22, 2021

*BY ECF*
The Honorable Robert W. Lehrburger
United States District Court
Southern District of New York
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007

    Re: *D.A., et al. v. New York City Department of Education, et al.*,
      20-cv-5175 (JMF) (RWL)

Dear Judge Lehrburger:

  I represent the Plaintiffs in the above-referenced case. I am writing jointly with Defendants' counsel for two reasons. First, Plaintiffs plan to seek leave for a further amendment of the complaint because there has been a final decision in the administrative hearing, as well as a decision from the State Review Office ("SRO") with respect to the 2020-2021 school year, which Plaintiff intends to appeal. In addition, the parties are jointly requesting that the Court stay discovery to, among other things, allow the parties to continue to focus their efforts on settlement and avoid increasing litigation costs. These applications are being made for the reasons set forth below.

  As the Court is aware, this case involves five administrative proceedings that span several years, which were designated with the following administrative case numbers ("Case No."): 159864, 162150, 174246, 184629 and 195570. The first step in the settlement process was for the parties to identify (a) services that the student received and (b) services that the student should have received because of pendency rights or a final decision but did not receive during the relevant time periods. The parties had previously referred to this process as a service accounting.

  Defendants' counsel has provided a service accounting for Case Nos. 159864, 162150, 174246, 184629. The parties have engaged in discussions to clarify the information provided, and Plaintiffs' counsel recently requested the underlying documentation of the services to confirm that the parties agree with the calculations. Defendants' counsel is considering this request. As of the parties' last status letter, Plaintiffs had intended to make a settlement offer, but we had an intervening event, as described in the paragraph below, and as noted, had wanted to confirm some of the information provided by reviewing the underlying records.

  Case No. 195570 concerned the 2020-2021 school year and was added to this action in the First Amended Complaint ("FAC"). At the time, Case No. 195570 had been filed in the summer of 2020, and it is Plaintiffs' position that the First Amended Complaint had alleged that

1115 BROADWAY, 12TH FL.              42 WEST 24th STREET, 2ND FLOOR
NEW YORK, NY 10010                 NEW YORK, NY 10010
WWW.SPECIALEDLAWYER.COM

the Defendants had failed to implement the student's stay-put transportation services or assign a hearing officer and systemically failed to implement pendency for the student. As such, Plaintiffs argue that they requested a preliminary injunction for the DOE to implement the pendency placement as relief. As the parties in this action had agreed to try to settle the case and due to the Pandemic, Plaintiffs determined we would not pursue injunctive relief and, instead, would work to resolve the issues. In the interim, in December 2020, Defendants finally agreed, in Case No. 195570, to fund some of the pendency services through a private service provider and the hearing proceeded. By Plaintiffs' account, the hearing officer in Case No. 195570 ruled for Plaintiff and, among other things, ordered compensatory pendency services with a one-year cap. Plaintiffs appealed the cap to the State Review Officer ("SRO") and the DOE cross-appealed. The SRO recently issued a decision granting DOE's cross-appeal and reversing the award of compensatory pendency services. Plaintiffs seek to amend the FAC to appeal the SRO's decision. Defendant's counsel has advised that he will consider whether Defendants will consent to the amendment but reserves the right to object to the amendment.

The parties agree with the Court that this case must move forward. The parties are genuine in their desire to settle this case. Indeed, as explained in the parties prior status reports, the parties are optimistic that Plaintiffs' claims can be settled and we continue to make efforts toward settlement. The parties recognize that the Court is concerned about delay in this case and we are in no way seeking to disregard the Court's concern. Unfortunately, the SRO's decision has thrown a small monkey wrench into the settlement process.

The parties therefore respectfully request a short stay of discovery, to allow us to focus on settlement without driving up the costs of the litigation. We have preliminarily discussed the issue and have reason to believe that we would be engaging in discovery litigation concerning the scope and extent of individual discovery. We believe the Court's resources and the parties' resources would be better spent trying to complete settlement, while minimizing litigation costs. In the alternative, the parties respectfully request a 90-day extension of non-systemic fact discovery, from October 23, 2021, to January 21, 2022. This is the parties' first request for an extension of the discovery deadlines, although the Court previously extended the discovery deadlines in this case *sua sponte*.

Thus, the parties propose the following schedule:

1. Plaintiffs will send a proposed Second Amended Complaint ("SAC") to Defendants by October 26, 2021. Defendants will advise if they are consenting to the SAC by November 5, 2021, and if so, Plaintiffs will file the SAC by November 8, 2021. If Defendants determine that they object to the SAC, Plaintiffs will file their motion seeking leave to amend the FAC on November 8, 2021, and Defendants will respond within two weeks thereafter.
2. Defendants' time to Answer the Second Amended Complaint will be adjourned *sine die* during settlement.
3. All discovery will be stayed until December 22, 2021.
4. In the alternative, the parties will complete non-systemic fact discovery by January 21, 2022.

      We apologize for the timing of this request and thank you for Your Honor's consideration of the above request.

>                                         Respectfully Submitted,
>
>                                         */s/ Elisa Hyman*
>                                         _____
>                                         Elisa Hyman, Esq.
>                                         Counsel for the Plaintiffs

Cc:    Copatrick Thomas
          Assistant Corporation Counsel (via ECF)

The Court grants the request, adopting items 1-3 in the proposed schedule. No further stays/extensions absent compelling circumstances.

SO ORDERED:

10/25/2021

HON. ROBERT W. LEHRBURGER
UNITED STATES MAGISTRATE JUDGE